```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
JULIUS MOSLEY and MOSLEY                    :   CASE NO.1:14-CV-934
MOTEL OF CLEVELAND, INC.                    :
                                            :
            Plaintiffs,                     :
                                            :
v.                                          :   OPINION & ORDER
                                            :   [Resolving Doc. Nos. 19, 20]
CITY OF WICKLIFFE, OHIO,                    :
                                            :
            Defendant.                      :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE[1/]:

Plaintiffs Julius Mosley and Mosley Motel of Cleveland sue Defendants City of Wickliffe, Ohio and Wickliffe Mayor William Margalis for violating Plaintiffs' Constitutional rights in summarily abating nuisances found at Plaintiffs' motel property in Wickliffe, Ohio.[2/]

Plaintiffs operate a long-term-stay motel at 28500 Euclid Avenue, Wickliffe, Ohio.[3/] Beginning in February 2014, inspections by the State Fire Marshall and Lake County General Health District identified a wide range of severe habitability and safety defects on the property.[4/] Plaintiffs successfully remediated one set of problems resulting from an earlier inspection.[5/] Then on April 8, 2014, state inspectors identified a second set of violations.[6/] Plaintiffs had 30 days to correct the

---

[1/]Judge Wells presided over this case until October 2015. On her retirement, this Court took the case under General Order 2015-12. *See* non-document docket entry dated October 6, 2015.

[2/]Doc. 1.

[3/]*Id.* at ¶ 13.

[4/]*See* Doc. 19-2 (describing, among other things, soiled bedding, rotten food, exposed wiring, and smoke detectors that had been painted over, and were thus inoperable).

[5/]Doc. 19 at 3.

[6/]Doc. 8-2.

-1-

Case No.1:14-CV-934
Gwin, J.

violations.[7] The second set of violations was used to secure an administrative warrant, which allowed the Wickliffe Fire Chief to conduct an April 14, 2014, room-by-room inspection of the Motel.[8]

On April 25, 2014, Wickliffe city officials met to discuss the results of the April 14 inspection.[9] Later that day, the City of Wickliffe posted a "Notice of Summary Abatement." This notice is the basis for the instant lawsuit.

The Notice stated that "[t]he Mayor of the City of Wickliffe . . . has ascertained the Mosley Select Suites is a public nuisance as described in § 3767.41(A)(2), Ohio Revised Code . . . and because of necessity, the abatement of said nuisance shall be summarily abated without notice, as described in § 521.10 of the City of Wickliffe Codified Ordinances."[10] Under the notice of abatement, "[a]ll guests residing at the Mosley Select Suites Hotel/Motel must vacate the premises of the Mosley within 30 days from April 26, 2014."[11]

Plaintiffs were not given an opportunity to appeal the summary abatement or otherwise have a hearing regarding the Mayor's decision.

Wickliffe Ordinance 521.10 states that, "whenever the Mayor ascertains that in his opinion a nuisance affecting or endangering the public health or welfare exists on any premises " the person responsible must abate it, or "in case of necessity the same may be abated and/or removed by the Mayor without notice."[12]

---

[7] *Id.*
[8] Doc. 19 at 5-6.
[9] Doc. 1 at ¶¶ 34-35; Doc. 19 at 6-7.
[10] Doc. 20-10.
[11] *Id.*
[12] Doc. 8-1.

Case No.1:14-CV-934
Gwin, J.

As relevant for the purposes of this opinion, Plaintiffs allege that (1) Ordinance 521.10 is unconstitutionally vague, as it allows a nuisance to be defined in the Mayor's "opinion"; (2) Plaintiffs were deprived of their due process rights in the summary nuisance abatement; and (3) the summary abatement was in retaliation for two previous lawsuits that Plaintiffs have brought against the City of Wickliffe.[13]

Plaintiffs move for partial summary judgment as to the void-for-vagueness claim.[14] Defendants move for summary judgment as to all three claims.[15] For the following reasons, the Court **GRANTS** Plaintiffs' motion for partial summary judgment. The Court **DENIES** Defendants' motion for summary judgment.

### I. Legal Standard

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[16] The moving party must first demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[17] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing

---

[13] Plaintiffs also allege that Defendants' motion is untimely. On April 14, 2015 the Court extended the dispositive motion deadline to April 30, 2015. Non-document entry dated April 14, 2015, granting motion "for extension of time of dispositive motion deadline until 4/30/2015." Wickliffe's motion was filed before that deadline passed.

[14] Doc. 20; Doc. 25; Doc. 27. Plaintiffs erroneously move for summary judgment as to their claims regarding Wickliffe Ordinance 2009-49. Doc. 20 at 1, 5-20. However, Ordinance 2009-49 is not at issue in this lawsuit. It is not mentioned in the complaint. There are no claims as to 2009-49 pending in this case. It appears that Plaintiffs' counsel has confused the case with their two other instances of pending litigation against the City of Wickliffe. The Court denies Plaintiffs' motion for summary judgment as to Ordinance 2009-49 as moot.

[15] Doc. 19; Doc 22. Defendants did not file a reply.

[16] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).

[17] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Case No.1:14-CV-934
Gwin, J.

a triable issue.[18] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[19] But the Court views the facts and all reasonable inferences from those facts in favor of the non-moving party.[20]

## II. Discussion

**Void for Vagueness**

"The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."[21] The more important aspect of the vagueness doctrine "is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement."[22] Without minimal guidelines, a criminal statute may permit "a standardless sweep that allows policemen, prosecutors, and juries to pursue their personal predilections."[23]

The Supreme Court further described the void for vagueness doctrine in *City of Chicago v. Morales*.[24] *Morales* concerned a Chicago ordinance that allowed police to arrest individuals who were reasonably suspected of being involved in gangs, who were "loitering," and who failed

---

[18] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[19] *Id.* at 586.
[20] *Killion*, 761 F.3d at 580 (internal citation omitted).
[21] *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).
[22] *Id.* (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)).
[23] *Id*. *Kolender* concerned a California criminal statute that required individuals stopped by police officers to produce a "credible and reliable" identification to account for their presence. Justice O'Connor, writing for the Court, said that the statute lent itself to arbitrary enforcement. The statute "furnishes a convenient tool for harsh and discriminatory enforcement by local prosecuting officials against particular groups deemed to merit their displeasure." *Id.* at 560. In the absence of standards defining what is "credible and reliable," the Court found the statute void for vagueness.
[24] 527 U.S. 41 (1999).

-4-

Case No.1:14-CV-934
Gwin, J.

to disperse upon warning. The law defined loitering as " remain[ing] in one place with no apparent purpose."[25] In reviewing the ordinance, the Court agreed that "loiter" has a "common and accepted meaning."[26] However, the definition of the term in this ordinance— "to remain in any one place with no apparent purpose"—did not. The Court struck down the statute, even though loiter "has been used to describe criminal conduct in this country since before the Constitution was ratified."[27]

"[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand."[28] However, challengers of an allegedly vague criminal statute are not limited to as-applied attacks. "When vagueness permeates the text of such a law, it is subject to facial attack."[29]

Wickliffe Ordinance 521.10 is unconstitutionally vague, both on its face and in its application to the Mosley Motel. Wickliffe Ordinance 521.10 reads:

> Whenever the Mayor ascertains that in his opinion a nuisance affecting or endangering the public health or welfare exists on any premises, or in any house, house trailer, building, manufactory, workshop or other place within the City, he shall notify in writing any person who, after reasonable investigation, has been determined to be the cause of the nuisance, to abate and/or remove the nuisance within a reasonable time to be stated in the notice, or in case of necessity the same may be abated and/or removed by the Mayor without notice. No person determined to be the cause of the nuisance shall neglect or refuse to comply with the notice and the Mayor may abate the nuisance.

---

[25] *Id.* at 42.

[26] *Id.*

[27] *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 2567 (Thomas, J. dissenting) (citing *Morales*).

[28] *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7 (1982).

[29] *Morales*, 527 U.S. at 56. *See also Johnson*, 135 S.Ct. at 2581 (Alito, J. dissenting) (reconciling the facial and as-applied standards by noting that in due process vagueness claims, a federal court may hold that a law is facially invalid "if the enactment is impermissibly vague in all of its applications" — including, of course, in its application to the plaintiff).

Case No.1:14-CV-934
Gwin, J.

Whoever violates this section is guilty of a minor misdemeanor.[30] The parties have not brought to this Court's attention, and the Court has been unable to find, any further guidelines or any rule of construction that applies to this statute.[31]

To summarize, the Ordinance creates a minor misdemeanor, "whenever the Mayor ascertains that *in his opinion* a nuisance affecting or endangering the public health or welfare exists on any premises," and it is not abated within a "reasonable time."[32]

In the most generous reading of the statute, nuisance could be given its common law meaning or its specified meaning under the Ohio Revised Code.[33] Indeed, the City of Wickliffe specifically relied on the Ohio definition of nuisance in shutting down the Mosley Motel under Ordinance 521.10.[34]

However, even this generous reading cannot cure the fundamental flaw in the statute: that the Mayor declares a nuisance "in his opinion." The Supreme Court's concern over vague

---

[30] Doc. 8-1.

[31] *Hoffman Estates*, 455 U.S. at 494. ("A federal court must, of course, consider any limiting construction that a state court or enforcement agency has proffered.").

[32] Doc. 8-1 (emphasis added). Plaintiffs also complain that the Ordinance's lack of definition for the term "necessity" is grounds to find the statute unconstitutionally vague. As described below at Note 39, there are colorable claims that "necessity" is not sufficiently defined in this context. However, since the Court concludes that the statute is facially vague based on Mayor's declaration of a nuisance "in his opinion," the Court does not make a specific finding as to use of the term "necessity."

[33] OR.C. § 3767.41(A)(2) (defining public nuisance as, "a building that is a menace to the public health, welfare, or safety; that is structurally unsafe, unsanitary, or not provided with adequate safe egress; that constitutes a fire hazard, is otherwise dangerous to human life, or is otherwise no longer fit and habitable; or that, in relation to its existing use, constitutes a hazard to the public health, welfare, or safety by reason of inadequate maintenance, dilapidation, obsolescence, or abandonment.").

[34] Doc. 20-10. ("The Mayor of the City of Wickliffe, after reasonable investigation of Mosley Select Suites' fire code violations, health code safety and sanitary violations, and the zoning land-use change [guestrooms being utilized as an apartment house use rather than a hotel use], has ascertained the Mosley Select Suites is a public nuisance as described in Section 3767.41(A)(2), Ohio Revised Code, and is a menace to the public health, welfare or safety and otherwise hazardous to the public health and welfare to safeguard life or property in the use or occupancy of said hotel, and because of necessity, the abatement of said nuisance shall be summarily abated without notice, as described in Section 521.10 of the City of Wickliffe Codified Ordinances.").

Case No.1:14-CV-934
Gwin, J.

statutes stems from exactly this type of "convenient tool" that "that allows policemen, prosecutors, and juries" — or in this case Mayors — "to pursue their personal predilections."[35]

The "opinion" of the Mayor offers no objective standard, and certainly does not offer "sufficient definiteness that ordinary people can understand what conduct is prohibited."[36]

Defendants repeatedly return to their argument that "nuisance" has a clear definition under the Ohio Revised Code, and that they relied upon this definition in their summary abatement notice. However *Morales* demonstrates the error in this reasoning. "Loitering" also has an established common-law definition. But when "loitering" was instead allowed to be defined as being somewhere for "no apparent purpose" it gave unfettered discretion to police to determine what was and was not apparent. Similarly, "nuisance" might have a common-law definition, and even a statutory definition under State law. But when the Mayor is allowed to determine a nuisance "in his opinion," there are no longer any limits on his discretion.

The Court **DENIES** Defendants' motion for summary judgment as to the void-for-vagueness claim. The Court **GRANTS** Plaintiffs' motion for summary judgment as to the same.

**Due Process**

Generally, "[t]he essential requirements of due process . . . [are] notice and an opportunity to be heard."[37] However, in some circumstances, an emergency or the need for "quick action" makes pre-deprivation process impracticable; instead "the persons acting under state authority may proceed without violating the property owner's rights so long as the state

---

[35] *Kolender*, 461 U.S. at 357.
[36] *Id.*
[37] *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 546 (1985).

-7-

Case No.1:14-CV-934
Gwin, J.

provides an adequate post-deprivation procedure."[38]

"A prior hearing is not constitutionally required where there is a special need for very prompt action to secure an important public interest and where a government official is responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in a particular instance."[39]

Ordinance 521.10 allows for the Mayor of Wickliffe to abate a nuisance "without notice" in "case of necessity." There is no procedure laid out for a post-abatement hearing. And in this particular instance, the city gave no opportunity for a post-abatement hearing to Plaintiffs.[40] This is an unconstitutional denial of due process. The Court **DENIES** Defendants' motion for

---

[38] *Harris v. City of Akron*, 20 F.3d 1396, 1395 (6th Cir. 1994) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). Plaintiffs' insistence on a pre-deprivation hearing under *United States v. James Daniel Good Real Prop.*, 510 U.S. 43 (1993) is misplaced. *James Daniel* concerned the forfeiture of real property, not the deprivation of a *use* of the property. The parties' reliance on *Ross v. Duggan*, 402 F.3d 575 (6th Cir. 2004), is closer, but sill not analogous. Duggan dealt with the forfeiture of cars to the City of Detroit. Instead this Court looks to the body of case law on the deprivation of use of property under emergency circumstances such as in *Harris*. See also *Crow v. City of Springfield Ohio*, C-3-96-010. 2000 WL 988246 (N.D. Ohio Mar. 16, 2000) (noting that a nuisance abatement on real property met standards of procedural due process because of the availability of an appeals process).

[39] *Flatford v. City of Monroe,* 17 F.3d 162, 167 (6th Cir. 1994). *Flatford* concerned an eviction of a tenant on two-and-a-half hours' notice because of severe fire hazards in a building. Given the urgency of the situation, pre-deprivation hearing was not required. *Flatford* highlights troubling aspects of Wickliffe's reliance on the "necessary" aspect of Ordinance 521.10. First and foremost, the ordinance does not call for a government official to make a determination based on a "narrowly drawn statute." Rather, "necessity" appears to be in the eye of the Mayor. Secondly, there seems to be a temporal disconnect in the determination of a necessity in this particular case. The Mayor determined it was necessary to summarily abate the nuisance on the property with no hearing, and yet gave residents 30 days to vacate. In contrast to the two-and-a-half hour window available in *Flatford*, 30 days appears to be ample time for an opportunity to be heard.

[40] The facts Defendants point to in arguing the contrary are not relevant to the inquiry. Defendants point out that Mosley had notice of the violations issued by the State Fire Marshal and the Lake County General Health District. Doc. 19 at 10. Defendants also point out that the summary abatement notice gave guests at the Mosley Motel 30 days to vacate. Neither of these are relevant to, let along substitutes for, process on the summary abatement issued under 521.10. The inquiry is whether Plaintiffs had an opportunity to be heard on the city shutting down the Motel. Being informed of the underlying code violations, and having a 30-day window in which to stop the use of the property, do not constitute an opportunity to be heard.

Defendants also point to a filing by the Motel's counsel listing the "Notice of Corrections of Code Violations" on April 25, 2015. *Id.* However, this filing was made on the search warrant docket in the Willoughby Municipal Court. Doc 19-5. It related to the code violations on the property, not the Mayor's decision to summarily abate the nuisances. Moreover, there is no evidence in the record that this filing resulted in a hearing.

Case No.1:14-CV-934
Gwin, J.

summary judgment as to Plaintiffs' claim of denial of due process.

### Retaliation

"A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."[41] The Sixth Circuit recognizes that "temporal proximity" between the protected conduct and the retaliatory act may be evidence of a causal connection.[42]

Plaintiffs allege a retaliation claim, arguing that the abatement action was "a direct and proximate result" of Plaintiffs' earlier actions filed in this Court. The earlier actions—*Miller v. City of Wickliffe*, 12-cv-1248, and *Mosley v. City of Wicklliffe*, 13-cv-1646—alleged constitutional violations related to Plaintiffs' attempt to open a nightclub in the lounge area of the Mosley Motel property.

For the purposes of its motion for summary judgment Defendants admit *arguendo* that "Plaintiffs' prior lawsuits constitute protected activity and the abatement action could be [an] adverse action."[43] Nevertheless, Defendants point out, "the nuisance abatement action was taken almost two years after Plaintiffs' first lawsuit and approximately nine months after Plaintiffs'

---

[41] *Thaddeus X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).
[42] *See e.g.*, *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012).
[43] Doc. 19 at 11.

Case No.1:14-CV-934
Gwin, J.

second suit."[44] As a result, Defendants argue, there is insufficient temporal proximity between the earlier lawsuits and the nuisance abatement.[45]

Defendants are incorrect. As Defendants admit for the purposes of their motion for summary judgment, the prior lawsuits constitute protected activity. It is not just filing the action that is protected, however. So to is vigorously prosecuting the action.

Both dockets in the earlier cases were fairly quiet after the complaints were initially filed. The City of Wickliffe did not even file an answer in the 2013 case until 2014.[46] The cases were consolidated in September 2013, and then there were no filings for four months.[47] Then on January 21, 2014, the parties held a telephone status conference, which appears to have set the cases moving forward again.[48] On February 19, 2014—one day before the State Fire Marshall first inspected the property—the parties filed a joint motion to re-set the case management dates.

Defendants cannot show as a matter of law that there is any temporal disconnect, let alone a sufficiently long temporal disconnect, between the earlier cases and the abatement. The Court **DENIES** Defendants' motion for summary judgment as to the retaliation claim.

---

[44] *Id.* at 12.
[45] *Id.*
[46] *Mosley*, 13-cv-1646, Doc 8.
[47] *Miller*, 12-cv-1248, Non-document entry dated September 13, 2013.
[48] *Mosley*, 13-cv-1646, Non-document entry dated January 22, 2014; *Miller*, 12-cv-1248, Non-document entry dated January 22, 2014.

Case No.1:14-CV-934
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion for summary judgment. The Court **GRANTS** Plaintiffs' motion for summary judgment as to its claim that Ordinance 521.10 is unconstitutionally vague.

IT IS SO ORDERED.

Dated: December 21, 2015    s/        *James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE