UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

JULIOUS MOSLEY and MOSLEY     :       CASE NO. 1:14-cv-934
MOTEL OF CLEVELAND, INC.,          :

            Plaintiffs,            :

       vs.                    :       OPINION & ORDER
                                      :       [Resolving Docs. 56, 59, 61]

CITY OF WICKLIFFE,             :

            Defendant.         :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Julious Mosley and Mosley Motel of Cleveland move this Court for fees and costs under 28 U.S.C. § 1988.[1]  Plaintiffs seek $77,875 in attorney's fees and $725.70 in costs, totaling $78,600.70. Defendant City of Wickliffe counters that the Plaintiffs should receive either none or a small fraction of the requested amount.

For the following reasons, this Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiffs' motion.

## I.      Background

At its core, this order determines how much fee shifting should occur where the Plaintiffs won on two Section 1983 claims but recovered only declaratory relief and nominal damages.

On April 25, 2014, Defendant City of Wickliffe shut down Mosley Motel (the "Motel") because of property habitability defects and property safety defects under local ordinance § 521.10 (the "Ordinance").[2]  Plaintiffs never received notice or a hearing.[3]

---

[1] Doc. 56.  The Defendant opposed.  Doc. 59.  The Plaintiffs replied. Doc. 61.
[2] Doc. 1 at ¶¶ 40-43.
[3] *Id.* at ¶ 36.

Case No. 1:14-cv-934
Gwin, J.

Plaintiffs sued under § 1983, alleging that (1) Ordinance § 521.10 was unconstitutionally vague; (2) the Defendant deprived Plaintiffs of their due process rights by shutting the Motel down without a hearing; and (3) the Defendants shut the Motel down to retaliate for previous lawsuits against the City. Plaintiffs also asked for a temporary restraining order ("TRO").[4]

On May 12, 2014, Judge Wells denied the Plaintiffs' TRO request.[5]  Thereafter, this case was transferred to this Court.

On December 21, 2015, this Court granted Plaintiffs' motion for partial summary judgment, after finding Ordinance § 521.10 unconstitutionally vague.[6]

On October 19, 2016, a jury gave a verdict finding the City of Wickliffe had violated the Plaintiffs' due process rights but awarded the Plaintiffs $0 in damages.[7]  The jury found for the Defendant on the retaliation claim.[8]

Plaintiffs now ask this Court to order the Defendant to pay $78,600.70 in attorney's fees and costs.

## II.    Attorney's Fees

Section 1988 "allows the award of 'a reasonable attorney's fee' to 'the prevailing party' in various civil rights cases, including suits brought under § 1983."[9]  Awarding attorney's fees is a two-step process. The threshold inquiry is whether the Plaintiffs prevailed on any of their claims. Second, a court determines what fee is reasonable.

---

[4] Doc. 1.
[5] Doc. 9.
[6] Doc. 28.
[7] Doc. 54-3.
[8] *Id.*
[9] *Fox v. Vice*, 563 U.S. 826, 832–33 (2011).

Case No. 1:14-cv-934
Gwin, J.

### A. The Plaintiffs prevailed on their statutory vagueness and due process claims

In order to recover attorney's fees, the Plaintiffs must be the "prevailing party." A party

prevails "if it has succeeded on any significant claim affording it some of the relief sought."[10]

"The touchstone of the prevailing party inquiry [is] the material alteration of the legal

relationship of the parties."[11]

*Statutory Vagueness Claim*

When this Court declared Ordinance § 521.10 unconstitutionally vague, the Plaintiffs

prevailed on their statutory vagueness claim. The ruling altered the legal relationship between the

parties by "free[ing the Plaintiffs] from the enforcement of an unconstitutional statute."[12]

*Due Process Claim*

Defendant City of Wickliffe says that the Plaintiffs did not prevail because the jury

awarded $0 damages.[13]  This argument loses.

A court must award "nominal damages when a plaintiff establishes the violation of his

right to procedural due process but cannot prove actual injury."[14]  Further, "a plaintiff who wins

nominal damages is a prevailing party under § 1988."[15]

Here, the jury concluded that Wickliffe violated the Plaintiffs' due process, but did not

award the Plaintiff nominal damages.[16]  As a matter of law, the Plaintiffs must receive nominal

damages because Wickliffe violated their due process rights. Therefore, this Court **AWARDS**

---

[10] *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989).
[11] *Id.* at 792–93.
[12] *Putnam v. Davies*, 960 F. Supp. 1268, 1272 (S.D. Ohio 1997), *aff'd,* 149 F.3d 1184 (6th Cir. 1998) (holding that a plaintiff succeeded in altering her relationship with law enforcement when she received declaratory relief establishing a statute's unconstitutionality).
[13] Doc. 59 at 3-5.
[14] *Farrar v. Hobby*, 506 U.S. 103, 112 (1992).
[15] *Id.*
[16] Doc. 54-3.

Case No. 1:14-cv-934
Gwin, J.

the Plaintiffs $1 in nominal damages.  With these nominal damages now in hand, the Plaintiffs

prevailed on their due process claim.

*Retaliation Claim and TRO Request*

The Plaintiffs lost, and thus did not prevail, on their retaliation claim or their TRO

request.

**B. This Court awards the Plaintiffs $31,899 in attorney's fees**

Now the Court turns to the reasonableness of Plaintiffs $77,875 attorney's fees request.

"The starting point for determining the amount of a reasonable attorney fee is the 'lodestar'

amount, which is calculated by multiplying the number of hours reasonably expended on the

litigation by a reasonable hourly rate."[17] The party seeking attorney fees bears the burden of

proving the reasonableness of the hourly rates claimed.[18]

"[E]ither in determining the basic lodestar fee and/or adjustments thereto,"[19] the Court  may

consider "relevant considerations peculiar to the subject litigation."[20] Among those considerations

are the time and labor required by a case, difficulty of the issues, and requisite skill.[21]

"[T]he prevailing market rate, defined as the rate that lawyers of comparable skill and

experience can reasonably expect to command within the venue of the court of record," serves as

a guidepost for a reasonable hourly rate.[22] Therefore, "[t]he appropriate rate . . . is not necessarily

the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to

encourage competent representation."[23]

---

[17] *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008).
[18] *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999).
[19] *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).
[20] *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014) (citing *Adcock–Ladd*, 227 F.3d at 349; *Reed v. Rhodes*, 179 F.3d 453, 471-72 (6th Cir. 1999)).
[21] *Id*. (citing *Adcock–Ladd,* 227 F.3d at 349 n.8).
[22] *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).
[23] *B & G Mining, Inc. v. Dir., Office of Workers Comp. Programs*, 522 F.3d 657, 663 (6th Cir. 2008).

-4-

Case No. 1:14-cv-934
Gwin, J.

"[D]ocumentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation."[24] If "documentation is inadequate, the district court may reduce the award accordingly."[25]

First we examine the rate of compensation, second we consider the amount of time spent.

### 1. Plaintiffs may reasonably bill $300 per hour for Mr. Crook and $70 per hour for paralegal assistance

Plaintiffs request $300 per hour for their counsel Jay Crook[26] and $70 per hour for paralegal assistance.[27]  Defendant says Mr. Crook's rate is unreasonable.[28]

The Court finds a reasonable hourly rate by looking to "the rate that lawyers of comparable skill and experience can reasonably expect to command" in the area.[29]

Mr. Crook practices in Wickliffe, Ohio[30] and devotes some of his practice to civil rights litigation.[31]

According to the Ohio State Bar Association, the median billing rate for civil rights litigation in 2013 was $350 per hour.[32]  Practitioners at firms with two to seven partners charged a median hourly rate of $225 with the 95th percentile billing at a $400 hourly rate. Furthermore,

---

[24] *Imwalle*, 515 F.3d at 553 (quoting *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 502 n.2 (6th Cir. 1984)*).

[25]*Id.* (quoting *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)*).

[26] Doc. 61 at 4.

[27] Doc. 56 at 6 ("Counsel submits a report of the expenditure of 262.2 hours, said hours being almost entirely undertaken by trial counsel, with the exception of paralegal assistance in service of process.").

[28] Doc. 59 at 10-11. Defendant does not mention the paralegal rate.

[29] *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).

[30] Doc. 56 at 3.

[31] Doc. 61 at 5.

[32] The Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2013*, at 40 available at : https://www.ohiobar.org/NewsAndPublications/Documents/OSBA_EconOfLawPracticeOhio.pdf. The OSBA article used billing data from 2012.  Mr. Crook is one of two partners at Shryock, Crook, & Associates LLP.

Case No. 1:14-cv-934
Gwin, J.

the Sixth Circuit recently found that Ohio's "partial" civil rights practitioners earn $300-$550 per hour.[33]

Several factors suggest a $300 hourly rate is reasonable here.  First, $300 per hour is on the low end of the civil rights litigation spectrum.  Second, Mr. Crook litigated this matter almost entirely by himself which likely forced him to forego other employment opportunities.[34]  Third, other courts have found similar rates appropriate.[35]

Wickliffe does not object to the $70 paralegal hourly rate, and this Court finds the rate appropriate.[36]

Therefore, the Court **GRANTS** Plaintiffs' request to bill $300 per hour for Mr. Crook[37] and $70 per hour for paralegal assistance.

### 2.  Plaintiffs may reasonably bill for 106.33 hours

Now we examine the reasonableness of the number of hours claimed by Mr. Crook and the paralegal.

"'The most critical factor in determining the reasonableness of a fee award 'is the degree of success obtained.'"[38] The Plaintiffs obtained substantial success on December 22, 2015, when they won declaratory judgment on their statutory vagueness claim. However, after December 22, 2015, the Plaintiffs achieved only nominal damages on their due process claim and lost their retaliation claim.

The Plaintiffs failed to establish a due process claim that resulted in recoverable damages. To support their damage claim, Plaintiffs largely relied upon a purchase offer that Plaintiffs

---

[33] *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 719–20 (6th Cir. 2016).
[34] *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).
[35] *See, e.g.*, *Husted*, 831 F.3d at 719–20.
[36] The Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2013*, at 41 available at : https://www.ohiobar.org/NewsAndPublications/Documents/OSBA_EconOfLawPracticeOhio.pdf.
[37] Doc. 61 at 4.
[38] *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

-6-

Case No. 1:14-cv-934
Gwin, J.

received before the Defendant unconstitutionally denied Plaintiffs a hearing before closing the

Motel.  Likely, Plaintiffs due process damage claim failed because the earlier purchase offer had

a large number of contingencies that made it improbable the offer would have led to a contract.

Also, the Motel suffered significant structural and maintenance problems.  Even if given a

hearing, it was not clear that Plaintiffs could have stopped the closing order.

Mr. Crook says he and a paralegal worked 262.2 total hours, 91.7 hours before December

22, 2015, and 170.5 hours after December 22, 2015. [39]  The Court analyzes the reasonableness of

the fee request from each time period.

*Attorney's fees **before** the December 22, 2015 declaratory judgment*

On December 22, 2015, the Court granted the Plaintiffs partial summary judgment,

declaring Ordinance § 521.10 unconstitutional.  As of that date, Plaintiffs say Mr. Crook had

worked 91.1 hours on the case and a paralegal had worked 0.6 hours.[40]

Defendant Wickliffe says Mr. Crook's 91.1 hours is unreasonable. First, the City says

Plaintiffs billed time for litigating Ordinance 2009-49, an ordinance unrelated to the case.[41]

Second, Wickliffe asks this Court to reduce fees because the Plaintiffs "lumped" together time

entries.[42]  Finally, Wickliffe says Plaintiffs' declaratory victory was merely a technical victory

undeserving of fee shifting.[43]   The first argument wins, the second and third lose.

First, the Plaintiffs cannot recover fees for time spent litigating Wickliffe Ordinance

2009-49 because that ordinance is not at issue in this case.[44] Mr. Crook's billing records indicate

---

[39] Doc. 56 at 12-18.
[40] *Id.* See entry for May 1, 2014 for paralegal entry.
[41] *Id.* at 7-8.
[42] *Id.* at 8-10.
[43] *Id.* at 4.
[44] As the Court noted on summary judgment, "Plaintiffs erroneously move for summary judgment as to their claims regarding Wickliffe Ordinance 2009-49. However, Ordinance 2009-49 is not at issue in this lawsuit." Doc. 28 at 3 n.14.

Case No. 1:14-cv-934
Gwin, J.

he spent 23.1 hours preparing summary judgment papers which included sections concerning

Wickliffe Ordinance 2009-49.[45]  Upon reviewing these filings, the Court reduces the Plaintiffs'

billable hours by 10 hours—from 91.1 to 81.1.

Second, the Court finds the Plaintiffs' billing records adequately detailed and declines to

reduce hours for "lumping" entries.[46]

Last, the Plaintiffs are entitled to fees for litigating the statutory vagueness claim before

the December 22, 2015 declaratory judgment.

Having reduced the number of hours by 10, the Court now decides if 81.1 hours is

reasonable.

A plaintiff prevailing on declaratory judgment benefits from § 1988's fee shifting.[47]

"'The most critical factor in determining the reasonableness of a fee award 'is the degree of

success obtained.'"[48]

Here, the Plaintiffs achieved complete success: declaratory judgment that Ordinance §

521.10 was unconstitutional.  The Ordinance will never again affect the Plaintiffs.  Plaintiffs'

request for fees before the December 22, 2015 declaratory judgment is reasonable as to their

statutory vagueness claim.

However, in their complaint, the Plaintiffs also made due process and retaliation claims

and asked for a TRO.[49]  The Plaintiffs lost on their TRO request and retaliation claim. They

---

[45] These billing entries are from April 29, April 30, and September 25, 2015.  Doc. 56 at 14-15.
[46] "The key requirement for an award of attorney fees is that '[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.'" *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (*quoting United Slate v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984).  Here, the Court finds Mr. Crook logged his time with sufficient detail.
[47] *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988).
[48] *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).  The Court also considered the twelve factors laid out by the Sixth Circuit in *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).
[49] Doc. 1.

-8-

Case No. 1:14-cv-934
Gwin, J.

received nominal damages on their due process claim.[50]  From April 25, 2014, to December 22,

2015, the Court identifies 18 hours that can be reasonably attributed to these unsuccessful

claims.[51] The Court reduces the Plaintiffs' billable hours by 18 hours—from 81.1 to 63.1.

The Plaintiffs may also bill 0.6 hours for paralegal assistance.

The Plaintiffs may bill 63.1 hours at $300 per hour totaling $18,930 for Mr. Crook's

work before December 22, 2015. They may also bill 0.6 hours at $70 per hour totaling $42 for

paralegal assistance.

*Attorney's fees **after** the December 22, 2015 declaratory judgment*

Plaintiffs say Mr. Crook spent 169.1 hours litigating their due process and retaliation

claims after December 22, 2015. They also request fees for 1.4 paralegal hours.[52]

Defendant counters that the Plaintiffs sued for $1.6 million and received $0.  Defendant

argues that the Plaintiffs' "technical" due process victory cannot justify 170.5 hours of total

fees.[53]  Defendant is correct.

As the Court noted before, "'[t]he most critical factor' in determining the reasonableness

of a fee award "is the degree of success obtained.'"  If "a plaintiff has achieved only partial or

limited success, the product of hours reasonably expended on the litigation as a whole times a

reasonable hourly rate may be an excessive amount."[54] A "fixed proportionality analysis that

mathematically links the fee award to the damages award" is *not* required.[55] However, courts are

---

[50] The next section focuses on the relationship between attorney's fees and the Plaintiffs nominal damages for the due process violation.

[51] Doc. 56. See entries from April 28, 2014, April 30, 2014, May 7, 2014 and May 12, 2014.  As to their due process and retaliation claims, the Plaintiffs did not litigate these claims on summary judgment. The Plaintiffs only asked for summary judgment on their statutory vagueness claim. Doc. 20. Furthermore, they never filed an opposition to Wickliffe's motion for summary judgment.  Therefore, Mr. Crook did not work on the due process and retaliation claims or the TRO from May 13, 2014 through the December 22, 2015 declaratory judgment.

[52] *Id.* See entry for October 13, 2016.

[53] Doc. 59 at 4.

[54] *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

[55] *Dean v. F.P. Allega Concrete Const. Corp.*, 622 F. App'x 557, 560 (6th Cir. 2015) (vacating $36,795 attorney's fees award when plaintiff only recovered $117).

-9-

Case No. 1:14-cv-934
Gwin, J.

skeptical when plaintiffs ask for hefty damages, receive minimal damages, and then move for

outsized attorney's fees.[56]

After this Court declared the Ordinance unconstitutional, the question of damages

predominated this lawsuit. The Plaintiffs asked for $1.6 million. The Plaintiffs used this demand

because before the due process violation Plaintiffs had received a highly conditional $2.38

million offer.[57] After the Defendant shut the Motel down, the Plaintiffs ultimately sold the

property for $670,000.[58] At trial, both parties sought to persuade the jury regarding how the

City's unconstitutional shutdown had impacted the Mosley Motel's value.[59] Ultimately, the

Plaintiffs received nominal damages.

Mosley correctly notes that the jury found Wickliffe had violated his due process rights, a

point that Wickliffe contested the entire litigation.[60] However, vindicating a due process claim

does not, by itself, entitle a plaintiff to full attorney's fees.[61] In fact, "[w]hen a plaintiff recovers

only nominal damages because of his failure to prove an essential element of his claim for

monetary relief, the only reasonable fee is usually no fee at all."[62]

---

[56] *Farrar*, 506 U.S. at 114 (rejecting $280,00 attorney's fees award when the plaintiff requested $17 million in damages but received only nominal damages for a due process violation); *see also Dean*, 622 F. App'x at 560 (vacating $36,795 attorney's fees award when plaintiff only recovered $117).

[57] Tr. for October 8, 2016 at 3-4. Mr. Atul Patel, a real estate developer, explained his 2013 conditional offer to purchase the Mosley Motel. "I sent a letter of intent that I'm interested to buy this property for probably $2.1 or 2.3 [million], but I need a more due diligence, just to look at the property, because I had never seen the property before." *Id.*

[58] Tr. for October 17, 2016 at 91-92.

[59] *See, e.g.*, Defendant's closing argument, Transcript for October 19, 2016 at 44 ("The fact that Mr. Mosley paid a certain amount of money four years earlier for this hotel is completely irrelevant, because what matters is what condition was that hotel in at the time he was selling it. And as you can see from the pictures and as -- they never challenged it. The hotel was in terrible condition."); *c.f.* Plaintiffs' closing argument, Transcript for October 19, 2016 at 50-51 ("With regard to the valuation, I give you three numbers. 2.38, 2.321 and 2.226. Those three values are 160,000 apart. One is the county valuation, one is what Mr. Mosley paid for it and one is what Mr. Patel was willing to offer for it. According to the City of Wickliffe, all those numbers are bogus. They are awfully close together for a number that side. 160,000 when you're in the millions.").

[60] Doc. 61 at 3.

[61] *Farrar*, 506 U.S. at 115.

[62] *Id.* at 104.

-10-

Case No. 1:14-cv-934
Gwin, J.

Here, the Court notes the Plaintiffs' diligent work proving Wickliffe's due process violation.  This success affirmed the unconstitutionality of the Ordinance as well as Wickliffe's actions. However, this victory was limited.  Ultimately, the jury found the Motel did not lose value because of the City's unconstitutional shutdown.

Plaintiffs may recover twenty-five percent of the 170.5 total hours. Specifically, the Plaintiffs may bill 42.28[63] hours at $300 per hour totaling $12,684 for Mr. Crook's work *after* December 22, 2015.  They may bill 0.35[64] hours at $70 per hour totaling $24.50 for paralegal work.

In total, the Court **AWARDS** Plaintiffs $31,680.50 in attorney's fees for 106.33 of work.

### III.     Costs

Plaintiffs ask for $725.70 in costs for deposition transcripts.

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[65]

Plaintiffs ordered the transcript of a deposition taken two days before trial.[66] As with attorney's fees after December 22, 2015, this Court reduces the requested amount by 75% to account for the Plaintiffs limited success. The Court **AWARDS** Plaintiffs $181.43 in costs.

### IV.     Conclusion

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** the Plaintiffs' motion for attorney's fees and costs. The Court **ORDERS** Defendant to pay $1 in nominal damages, $31,680.50 in attorney's fees, and $181.43 in costs totaling **$31,862.93**.

---

[63] 42.28 is 25% of 169.1.
[64] 0.35 is 25% of 1.4.
[65] Fed. R. Civ. P. 54(d).
[66] Doc. 56 at 17. The deposition of Mr. Mosley occurred on October 11, 2016. *Id.*

-11-

Case No. 1:14-cv-934
Gwin, J.


      IT IS SO ORDERED.


Dated:  February 8, 2017                          *s/      James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE